**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE:<br><br>Signature Resorts of Michigan, Inc.<br><br>Debtor(s) | CASE NO. 09-10756 (MFW)<br><br>CHAPTER 7<br><br>**Objection Deadline: August 31, 2022 at 4:00 p.m.**<br>**Hearing Date: September 7, 2022 at 2:00 p.m.** |

**MOTION TO DEPOSIT UNCLAIMED FUNDS PURSUANT TO**
**FED. R. BANKR. P. 3011 AND DEL. BANKR. L.R. 3011-1**

George L. Miller, the chapter 7 trustee (the "Trustee") for the above-captioned case hereby submits this motion (the "Motion") pursuant to Fed. R. Bankr. P. 3011 and Del. Bankr. L.R. 3011-1, for permission to deposit unclaimed distributions in the amount $24,100.04 (the "Unclaimed Funds") into the Registry of the Court. The names(s) and address(es) of the Claimant(s) and the distribution amounts to which the Claimants are entitled are as follows:

| Claim # | Name & Address of Claimant | Reason | Claim Amount | Dividend Amount |
|---|---|---|---|---|
| 2 | Advance Designs Land Waterscapes<br>7117 S M88 Hwy<br>Bellaire, MI 49615-9288 | Business Closed | $22,053.65 | $24,100.04[1] |
| | | Total Unclaimed Dividends | | $24,100.04 |

*[Remainder of page intentionally left blank]*

---

[1] Dividend Amount includes interest paid in the amount of $2,046.39.

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The predicates for the relief sought herein are §§ 105(a) and 347 of the Bankruptcy Code, Rule 3011 of the Bankruptcy Rules and Del. Bankr. L.R. 3011-1.

## BACKGROUND

4. On March 5, 2009 (the "Petition Date"), the Debtor commenced a bankruptcy case by filing the voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court.

5. On June 30, 2009, the Debtor's Chapter 11 case was converted to a case under Chapter 7 of the Bankruptcy Code (the "Conversion Date") and on the same date the Trustee was appointed to administer the Debtor's bankruptcy case in Chapter 7.

6. On February 27, 2014, the Trustee filed a *Notice to Change Case from Asset to No Asset* and the *Report of No Distribution* (the "NDR").

7. On April 1, 2014, the bankruptcy case was closed.

8. On January 5, 2021, a *Motion to Reopen Chapter 7 Case and to Direct the Appointment of a Chapter 7 Trustee* (the "Motion to Reopen") was filed by the Office of the U.S. Trustee.

9. On January 26, 2021, the Court entered the *Order Reopening Chapter 7 Cases and Directing the Appointment of a Chapter 7 Trustee* and George L. Miller was appointed as Trustee.

10. On January 27, 2021. The Honorable Judge Mary F. Walrath was added to the case and the Honorable Judge Kevin J. Carey was terminated from the case.

11. On February 25, 2021, the Trustee filed the *Trustee's Notice to Change Case from No Asset to Asset*.

12. On November 8, 2021, the Trustee withdrew the NDR.

13. On December 7, 2021, the Trustee filed the Trustee's Final Report and Account of the Administration of the Estate (the "Final Report").

14. On March 11, 2022, the Court entered an *Order approving the Final Report* and authorizing the Trustee to distribute the funds in the Debtor's bankruptcy estate in accordance therewith, and the Trustee made the distribution to creditors in accordance with the Final Report.

15. The distribution included numerous checks including that made payable to the creditor identified above (the "Claimant"). The distribution check was mailed to the Claimant's address listed in the Final Report, which was the address provided in the Proof of Claim filed by the Claimant.

16. The Trustee listed the Claimant in the Final Report; the Claimant did not object to the Final Report or to the address listed for distribution.

17. After reasonable investigation, the Trustee was able to determine the Claimant is no longer in business.

## RELIEF REQUESTED

18. By this Motion, the Trustee respectfully requests that the Court enter an Order authorizing the deposit of the Unclaimed Funds, totaling $24,100.04, into the Registry of the Court.

19. Pursuant to Section 347 of the Bankruptcy Code, "[n]inety days after the final distribution under section 726, 1226, or 1326 of this title in a case under chapter 7, 12, or 13 of this title, as the case may be, the trustee shall stop payment on any check remaining unpaid, and any remaining property of the estate shall be paid into the court and disposed of under chapter 129 of title 28." 11 U.S.C. § 347.

20. Ninety (90) days have passed since the Trustee made final distribution in this case and the Trustee has voided the Unclaimed Funds.

21. Pursuant to Bankruptcy Rule 3011 and Del. Bankr. L.R. 3011-1, the Trustee has included above (i) Claimants' known names, (ii) Claimants' known addresses, (iii) the amounts the Claimants are entitled to receive in accordance with the Final Report and Order of Distribution that the Trustee seeks to be paid into the Registry of the Court pursuant to § 347 of the Bankruptcy Code, and after reasonable investigation (iv) the Trustee's status as to why the distribution did not occur.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an Order in the form attached hereto authorizing the Trustee to deposit the Unclaimed Funds into the Registry of the Court and for such other and further relief as is just and proper.

Dated: August 16, 2022

/s/ *George L. Miller*
George L. Miller, Trustee
1628 John F. Kennedy Blvd.
Suite 950
Philadelphia, PA 19103
Tele:  (215) 561-0950
Fax:  (215) 561-0330